STATE OF MAINE *vs.* FRED ROBBINS AND GERTRUDE ARLENE DEXTER.

Piscataquis.      Opinion, March 6, 1937.

*John P. White,* County Attorney for the State.
*Arthur L. Thayer,* for respondents.

SITTING: DUNN, C. J., STURGIS, BARNES, THAXTER, HUDSON, MANSER, JJ.

MANSER, J.    The defendants were jointly indicted for adultery. After a verdict of guilty a motion for a new trial presented to the presiding Justice was denied and the case comes forward on appeal from his decision. The real basis of the motion was that separate written confessions signed by each defendant were not voluntarily made. The confessions being admitted against objection by counsel for the respondents, exceptions to such admission were then noted, but such exceptions were not perfected and the case is before the Court only on appeal. The action of the presiding Justice in admit-

ting the confessions is not under review. The question is whether the jury should have rejected such confessions as made involuntarily, the contention being that the evidence otherwise was entirely insufficient to support conviction.

The procedure laid down in *State* v. *Grover*, 96 Me., 363, 52 A., 757, was scrupulously followed. In the first instance, testimony was introduced before the presiding Justice in the absence of the jury upon the question of the voluntary or involuntary nature of the confessions. He determined as a fact that they were voluntary. Then upon the return of the jury the evidence surrounding the taking of the confessions was reintroduced.

As stated in *State* v. *Grover*, supra, the defendants then had a right to appeal to the jury to exclude the confessions from consideration as improperly obtained and also show all circumstances tending to destroy or weaken their probative power. They could also require the presiding Justice to instruct the jury it should not give credit to the confessions if thus improperly obtained. So far as the evidence is concerned, it appears that the defendants exercised the rights and it must be assumed that the court so instructed the jury.

It is true that the evidence aside from the confessions would not be sufficient to convict, but examination discloses that it is strongly corroborative. The relations between the defendants led to disruption of family ties between the female defendant and her husband and the institution of divorce proceedings. Robbins frequently stayed over week-ends at the house where Mrs. Dexter lived with her mother, and took her out riding and to places of amusement. There was enough to show opportunity and disposition.

No claim was made that any coercion or threat was used in connection with the confessions. If they are to be regarded as involuntary, it must be solely upon the ground of a promise or inducement. Both defendants testified they were told that they would not need an attorney; that if they pleaded guilty there would not be a trial before a jury or a crowd, and it was likely there would be no sentence. The confessions were made in the presence of the county attorney and a deputy sheriff. The latter testified that before any statements were made the defendants were each informed by the county attorney in substance:

"All I can say to you is this, — it is the best for everyone to tell the truth; they will generally fare better if they tell the truth, tell things as they are; you have a perfect right to have an attorney, — everyone has that right."

The written confessions which were subsequently read and signed by the defendants, after recital of name and place of residence began,

"On oath depose and say that the following statements given by me are true and given freely and voluntarily, and I have been advised that the statements might be used against me in court."

It was within the province of the jury to determine which of the versions was correct. It appears they gave credence to the statement contained in the written confessions and the testimony of the officer.

Confessions are presumed to be voluntary and the burden is on the defendant to rebut that presumption. The Court is of opinion that the jury was warranted in finding that the confessions were not improperly obtained.

*Appeal dismissed.*